IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHY JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTRAL MONTGOMERY MENTAL | : | 06-cv-1267-EL |
| HOSPITAL AND RETARDATION CENTER | : | |

**ORDER-MEMORANDUM**

AND NOW, this 14th day of March, 2008, the "Motion of Defendant Central Montgomery Mental Health and Mental Retardation Center to Open Default Pursuant to Fed.R.Civ.P.55(c)" (docket no.8) is granted. The Clerk of Court shall remove the entry of default against defendant. By Wednesday, March 26, 2008, defendant shall file its answer. Also by that date, plaintiff shall file an affidavit detailing the activities she engaged in to obtain the default against defendant, and to oppose defendant's motion to open the default. An order may thereafter be entered providing for imposition of financial sanctions in connection with this order.

On April 4, 2006, Cathy Johnson's pro se motion to proceed in forma pauperis was granted and the complaint in this ERISA action was filed. Docket no. 2, 3. On April 20, 2006, the summons and complaint were served on defendant by the U.S. Marshal. Docket no. 4. Carol Foley, secretary to Carolyn Henderson, then Administrative Coordinator and Director of Human Resources for defendant, accepted service. Supplemental Brief of Defendant, 2; Affidavit of Carol Foley, Exhibit "A". She then handed the package to defendant's Facilities Director, who opened it and confirmed that it was a lawsuit filed by

plaintiff. Supplemental brief, at 2-3. The Facilities Director placed the complaint on the desk of Carolyn Henderson, defendant's HR Director, who was responsible for processing legal claims. Id. Ms. Henderson did not process this claim - that is, she did not, as was her usual practice, notify defendant's insurance carrier or retain counsel. Id., at 3. Her failure to do so is unexplained by defendant.[1]

On August 10, 2006, a default was entered against defendant under Fed. R. Civ. P. 55(a). On June 29, 2007, the court scheduled an assessment of damages hearing. Docket no. 7. Defendant maintains that this was the first notice it received of the action. Supplemental brief, at 3. Immediately upon receipt of the notice, defendant retained counsel, and on July 9, 2007, defendant filed a motion to open the default, to which plaintiff filed a response.

"As a general matter, this court does not favor default judgment and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." Zawadski v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). Whether or not to set aside an entry of default is within the court's discretion. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Four factors should be considered: (1) whether the defendant has a meritorious defense; (2) whether plaintiff will be prejudiced if the default is lifted; (3) whether the default was the result of the defendant's culpable conduct; and (4) whether an alternative sanction is available. Id. at 73.

The complaint alleges that defendant terminated plaintiff's employment to deny her

---

[1] According to defendant, Ms. Henderson retired from the company. She was contacted, but does not recall receiving the complaint in this action. She did not provide an affidavit.

short-term disability benefits after plaintiff suffered a broken hip. Complaint, ¶¶ 10-15. Defendant argues in its motion that plaintiff was fired for poor job performance. Memorandum in support of motion, at 1. If proven, this would constitute a complete defense to plaintiff's claim and, therefore, provides a sufficient basis for lifting the default. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Also weighing in defendant's favor is the absence of evidence of culpable conduct in causing the entry of the default. Defendant admits that a copy of the complaint was found in plaintiff's personnel file after defendant received notice of the assessment of damages hearing. Motion, ¶ 7. The presence of the complaint, coupled with the process receipt reflected on the docket, and information obtained by defendant in preparation of its supplemental brief establishes that defendant was properly served with the complaint and ignored it. However, "[e]ven where neglect is inexcusable, and even where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting a refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility.'" Griffen v. Alpha Phi Alpha, Inc., 2006 WL 3302438, at *4 (E.D. Pa., Nov. 9, 2006) (citations omitted). Mere negligence is not sufficient. Hritz, 732 F.2d at 1182. See also Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 75 (3d Cir. 1987) (reversing district court's refusal to open a default on ground that unexcused failure to file answer to complaint does not constitute flagrant bad faith and does not justify the extreme sanction of refusal to vacate default); Harrison v. Host Marriott Corp., 1997 WL 792902, at *2 (E.D. Pa., Dec.19, 1997) (where "organizational

mishaps" resulted in failure to file answer, conduct was negligent, and even grossly negligent, but not sufficiently culpable to warrant denial of request to open default).

In plaintiff's favor is the potential prejudice she may suffer as the result of the lifting of the default.  Specifically, the potential unavailability of defendant's former director of Human Resources for cross-examination regarding plaintiff's job performance could prejudice plaintiff.  However, defendant's motion and its supplemental brief suggests that it remains in contact with Ms. Henderson, and could assist plaintiff in locating her if necessary.

On balance, in these circumstances the default must be lifted.  Imposition of a financial sanction against defendant may be an appropriate alternative.  See Griffen; Harrison.

                              BY THE COURT:


                               /s/   Edmund V. Ludwig
                              Edmund V. Ludwig, J.